UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

May 22, 2018

## LETTER ORDER

Re: *Vincent John Albanese v. New Jersey Transit Rail Operations Inc.*
<u>Civil Action No. 17-5566 (ES) (SCM)</u>

Dear Counsel:

On May 18, 2018, the Clerk of Court entered default against the following Third-Party Defendant in this action: George T. Davis. Below, the Court sets forth the various factors that must be addressed in support of any *future* motion for default judgment.

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010).

Further, "[b]efore granting a default judgment, the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). And, to determine whether granting default judgment is proper, the Court must make factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

"A court does not accept as true allegations pertaining to the amount of damages." *Days Inns Worldwide, Inc. v. Panchal*, No. 15-1459, 2015 WL 5055318, at *2 (D.N.J. Aug. 25, 2015) (citation omitted). "While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing as long as the court ensures that there is a basis for the damages specified in the default judgment." *Id.* (quotation marks and textual modifications omitted).

Finally, the Court notes that "if default is entered against some defendants in a multi-

defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants: if plaintiff loses on merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008).

Accordingly, if moving for default judgment, the Court hereby orders Third-Party Plaintiff to submit a letter-brief (no more than 7 pages) with any materials in support of the default judgment motion—which specifically addresses each of the above factors in an organized, easy-to-read format using headings (and, if necessary, sub-headings) and numbered paragraphs or bullet points. To be sure, any such motion for default judgment must still comport with the requirements of this District's Local Rule 7.1 (*e.g.*, Notice of Motion)—except for Rule 7.1(d)(4).

As such, Third Party Plaintiff's earlier filed motion for default judgment (*see* D.E. No. 20) is DENIED without prejudice because the Clerk of Court had not entered default when that motion was filed. *See, e.g.*, *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008).

The Clerk of Court shall terminate Docket Entry Number 20.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**